**Howard JORDAN, Appellant,**

v.

**B. Rice ASTON, Appellee.**

**No. 01–89–00910–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1990.

Rehearing Denied Oct. 25, 1990.

18

Warren E. Hancock, Houston, for appellant.

Madison Jones, Houston, for appellee.

Before EVANS, C.J., and MIRABAL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing summary judgment in a client's suit for statutory relief against his former attorney on a claim for usury. *See* TEX.REV.CIV. STAT.ANN. art. 5069–1.06 (Vernon 1987).

After paying his account balance in 1982, appellant, Howard Jordan, sued appellee, attorney B. Rice Aston, for alleged usurious interest charged on 1979 and 1981 legal services invoices. Jordan asserted that Aston charged him interest both (1) at a greater rate than the six percent (6%) per annum allowed under TEX.REV.CIV.STAT. ANN. art. 5069–1.03 (Vernon 1987), and (2) during the interest-free period prescribed by the then-applicable version of article 5069–1.03.[1]

In two related points of error, Jordan asserts the trial court erred in granting Aston's motion for summary judgment. First, Jordan urges, he raised a fact issue by affidavit as to whether Aston charged him interest on only two invoices, dated July 31, 1979 and January 31, 1981, and not on all invoices due at the time Jordan paid on the account on May 27, 1982. Second, he contends, Aston failed to prove that he charged interest on all of Jordan's outstanding invoices, not just the two that Jordan claims, and Aston thus failed to prove that the interest charged was not usurious. Jordan acknowledges that Aston was statutorily entitled to charge interest on the entire balance, and that the total amount of interest Jordan paid would not be usurious if it had been assessed on the entire balance due.

For his summary judgment proof, Aston established by Jordan's answers to requests for admission: (1) the dates and amounts of Aston's invoices to Jordan,[2] totalling $14,806.32; (2) the dates and amounts of Jordan's payments,[3] totalling

1. Before the amendment of article 5069–1.03, effective August 27, 1979, interest was not allowed to be charged until the first day of January after invoices were payable.

 Article 5069–1.03 now provides:

 When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

2.

| Date | Invoice Amount |
|---|---|
| 6–21–79 | $ 160.55 |
| 7–31–79 | 5,250.00 |
| 2–01–80 | 5,804.19 |
| 1–31–81 | 816.58 |
| 5–27–82 | 1,025.00 |
| 10–21–82 | 1,750.00 |
| Total: | $14,806.32 |

3.

| Date | Payment Amount |
|---|---|
| 8–14–80 | $ 2,000.00 |
| 5–27–82 | 9,454.93 |
| 10–25–82 | 4,654.19 |
| Total: | $16,109.12 |

$16,109.12, a sum $1,302.80 greater than Aston's invoices; and (3) the fact that Jordan's payment of $9,454.93, made on or about May 27, 1982, included $1,302.80 interest.

As an exhibit to his summary judgment motion, Aston attached calculations, repeated below,[4] showing that, under article 5069–1.03, he would have been entitled, on May 27, 1982, the day the interest was charged and paid, to charge as much as $1,401.07 interest at 6%, and that the $1,302.80 interest actually charged and paid by Jordan on that date was therefore not usurious. Jordan attached to his response his own affidavit alleging that the $1,302.80 interest he paid Aston on May 27, 1982, was charged on only two of the invoices (the $5,250 invoice dated July 31, 1979, and the $816.58 invoice dated January 31, 1981), and not the entire four invoices due at that time, so that the interest amount was usurious and resulted in an overcharge of $681.76.

Jordan's response affidavit was a copy of the earlier affidavit he submitted in support of his own motion for summary judg-

ment, which the trial court had previously denied. In his affidavit, Jordan avers, in relevant part: "Attached to this affidavit are copies of two invoices indicating the charges that were made to me by Defendant [Aston]...." Jordan's affidavit does not assert that the two attached invoices are Aston's *only* invoices, and it does not deny the existence or validity of the other invoices mentioned in Aston's motion, affidavit and exhibit, all of which Jordan had earlier acknowledged to be true and correct in his answers to Aston's requests for admissions.

 Each of the two invoices attached to Jordan's affidavit contains longhand mathematical figures showing interest amounts computed at 10% from the date of invoice to the date of payment, May 27, 1982, totalling $1,302.80. Thus, the interest charged would have exceeded the statutorily allowable interest, and would have been usurious, if the two invoices were the *only* invoices involved. The true principal, the amount upon which a transaction is tested for usury, is the actual amount of

4.

| DATE | AMOUNT | 6% INTEREST CALCULATIONS | | INTEREST AT 6% |
|---|---|---|---|---|
| 6–21–79 | $ 160.55 | Invoice | | |
| 7–31–79 | $ 5,250.00 | Invoice | | |
| | $ 5,410.55 | Balance | × 6%/366 × 227 = [1–01–80 thru 8–14–80] | $ 201.34 |
| 2–01–80 | $ 5,804.19 | Invoice | × 6%/366 × 165 = [3–03–80 thru 8–14–80] | $ 157.43 |
| | $ 11,214.74 | Balance | | |
| 8–14–80 | $ (2,000.00) | Payment | | |
| | $ 9,214.74 | Balance | × 6%/366 × 650 = [8–15–80 thru 5–26–82] | $ 981.90 |
| 1–31–81 | $ 816.58 | Invoice | × 6%/365 × 450 = [3–03–81 thru 5–26–82] | $ 60.40 |
| | $ 10,031.32 | Balance | | |
| | $ 1,302.80 | Interest actually paid 5–27–82 | Interest permitted at 6% on 5–27–82 | $1,401.07 |
| 5–27–82 | $ (9,454.93) | Payment ($1,302.80 interest; $8,152.13 Principal) | | |
| 5–27–82 | $ 1,879.19 | Balance Remaining ($10,031.32–$8,152.13) | | |
| 5–27–82 | $ 1,025.00 | Invoice | | |
| 10–21–82 | $ 1,750.00 | Invoice | | |
| 10–21–82 | $ 4,654.19 | Balance Remaining | | |
| 10–25–82 | $ (4,654.19) | Payment | | |
| | $ 0.00 | Balance Remaining | | |

**20**

which the borrower had the use, detention, or forbearance. *Tanner Dev. Co. v. Ferguson,* 561 S.W.2d 777, 782–83 (Tex.1977); *Moody v. Main Bank of Houston,* 667 S.W.2d 613, 620 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *see also Griffith v. Geffen & Jacobsen, P.C.,* 693 S.W.2d 724, 726–27 (Tex.App.—Dallas, 1985 no writ) (the rule for allowing interest on delinquent stated accounts is that principal and interest are due from the time at which an account ought to have been paid). Aston was entitled to charge interest on four invoices on May 27, 1982, the day the charges were made. Having asserted that Aston's charges were usurious under article 5069–1.03, Jordan is bound by its provision that "interest at the rate of six percent per annum shall be allowed on *all* accounts ... ascertaining the sum payable....'' (Emphasis added).

Likewise, Jordan's affidavit does not raise a material fact issue by its recitation that he never agreed to pay interest. Jordan invoked article 5069–1.03 as the statutory basis of the relief he sought, and article 5069–1.03 allows the application of the six percent interest rate "[w]hen no specified rate of interest is agreed upon by the parties.''

Aston's pleadings and summary judgment evidence establish that the amount of interest charged Jordan on May 27, 1982, was not usurious. Jordan has not rebutted that evidence by contradictory proof, because his pleadings are insufficient to raise a material fact issue. The trial court correctly granted summary judgment in favor of the defendant/appellee, Aston.

The judgment of the trial court is affirmed.